date recvd 6/6/19 AP
Case 1:19-cv-00711-SJ-ST   Document 11   Filed 05/21/19   Page 1 of 2 PageID #: 44
Case 1:19-cv-00711-SJ-ST   Document 10   Filed 05/20/19   Page 1 of 2 PageID #: 42

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ARETHA CROSSON, Individually and as the
representative of a class of similarly situated persons,

           Plaintiffs,

    v.

M.J. SOFFE, LLC

           Defendant.

------------------------------------------------------------x

Case No. 19-cv-00711 (SJ)(ST)

### JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Aretha Crosson ("Plaintiff") and Defendant M.J. Soffe, LLC ("Defendant") stipulate and jointly request that this Court enter a dismissal with prejudice and without costs of Plaintiff's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until May 31, 2022 for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the parties' Confidential Settlement Agreement and Release of Claims. Section 2(C) of the Confidential Settlement Agreement and Release of Claims reads as follows:

    Defendant shall, within thirty-six (36) months of the Effective Date ("the Remediation Period"), use good faith efforts to cause those portions of the Website that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the Website ("ADA Compliant"). The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant," but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance. The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the Website shall be permitted to link to websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with disabilities. The Parties further agree that ADA Compliant shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals or the U.S. Department of Justice. (The term "Third-Party Content" refers to web content that is not developed, owned, or operated by Soffe.) However, if a judicial, legislative or regulatory body

D & F

enacts any legislation or rule, or if the United States Supreme Court, a U.S. Circuit Court of Appeals, or a State appellate court renders a decision, pursuant to which the Website is not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that Soffe will be relieved of the obligations set forth in this Section 2(C). If Soffe's ability to meet the deadline for compliance with this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Soffe's control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If the Parties cannot reach an agreement regarding an extended deadline after such meet-and-confer efforts, either Party will have the right to seek judicial relief.

Following the Remediation Period, Soffe shall, either on its own or through a third party vendor, monitor the Website on a periodic basis to ensure that it continues to be ADA Compliant. Soffe agrees that if any portion of the Website is discovered to be non-ADA Compliant, it will promptly remediate that portion of the Website and will cause it to be ADA Compliant.

Each party shall bear its own fees, costs and attorneys' expenses.

Respectfully submitted,

DATED: May 20, 2019

SHAKED LAW GROUP, P.C.

By: _____
Dan Shaked, Esq.
44 Court Street, Suite 1217
Brooklyn, NY 11201
Tel: 917.373.9128
ShakedLawGroup@gmail.com

*Attorneys for Plaintiff*

DATED: May 20, 2019

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _____
Jamie Haar, Esq.
599 Lexington Avenue, 17th Floor
New York, NY 10022
Tel: 212.492.2500
Fax: 212.492.2501
jamie.haar@ogletreedeakins.com

*Attorneys for Defendant*

SO ORDERED
on this  21st  day of  May  2019

s/ Sterling Johnson Jr.
_____
STERLING JOHNSON, JR., SENIOR U.S.D.J.

2